# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMLET GARCIA, II, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA CORPORATION, | : | NO. 17-5572 |
|     Defendant. | : | |

## MEMORANDUM

MCHUGH, J.                                                                                       DECEMBER 20, 2017

Plaintiff Hamlet Garcia, II brings this civil action against the Bank of America Corporation. For the following reasons, the Court will grant Mr. Garcia leave to proceed *in forma pauperis* and will dismiss the Complaint for lack of subject matter jurisdiction without prejudice to Mr. Garcia refiling his claims in state court.

## I.    FACTS

Mr. Garcia alleges that in March of 2017, Bank of America ("BOA") "confiscate[ed]" a check made out to him from the IRS for approximately $1,6901.00. (Compl. at 1.) He contends that he informed BOA of the mistake on March 23, 2017, and that a representative "stated to wait until the BOA returns the check as they cannot cash a check that is under a different name." (*Id.*) The check was improperly deposited to another account on March 29, 2017. (*Id.*) According to Mr. Garcia, the holder of that account gave notice to BOA of the unauthorized transaction on April 1, 2017. (*Id.*) BOA directed Mr. Garcia to file an amended tax form. (*Id.*) On October 10, 2017, Mr. Hamlet was directed to address all questions to Green Dot. (*Id.*) Green Dot then notified BOA about the mistake in depositing the check, and BOA "replied '…account closed . . .". (*Id.*) Mr. Garcia believes that his funds are still in BOA's possession.

1

(*Id.* at 2.) As relief, he requests the original $1,691.00 as well as $100,000.00 "for trespassing and theft." (*Id.*) He also states that "[o]ne dollar will be added . . .for every second [he is] without property." (*Id.*)[1]

## II. STANDARD OF REVIEW

The Court grants Mr. Garcia leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim, or seeks relief from an immune defendant. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mr. Garcia is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Mr. Garcia to be raising a fraud, forgery, or trespass claim under state law against BOA. The only possible basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."[2] Here, Mr. Garcia's Complaint fails to establish that the parties are diverse for purposes of § 1332(a).

---

[1] Mr. Garcia's Complaint in this matter is styled as though he is acting as a prosecutor. (Compl. at 6.) The sixth page of his Complaint is marked with a red fingerprint and bears the title "I, require: a 'court of record': 'trial by jury';" followed by "claim: trespass [forgery]." (*Id.*)

[2] Mr. Garcia has not pled any basis for a federal claim, so there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2

In any event, the amount in controversy does not exceed the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

Under Pennsylvania law, punitive damages do not have to be "proportional" to the compensatory damages. *See Moss v. Aaron's, Inc.*, 140 F. Supp. 3d 441, 449 (E.D. Pa. 2015) ("When punitive damages are awarded along with compensatory damages, the punitive damages need not be proportional to the compensatory damages.") (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803–04 (Pa. 1989)). However, "[w]hile States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003) (citations omitted). While there is no "bright-line ratio" for courts to apply, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425 (explaining that, historically, double, treble, or quadruple damages have been used to deter and punish) (citation omitted).

Here, it is apparent from Mr. Garcia's Complaint that his actual damages are $1,691.00 even though he seeks, at minimum, $101,691.00. Thus, Mr. Garcia would need to receive a

3

punitive damages award of $73,309.00 in order to satisfy the amount in controversy requirement. Such an award would result in a ratio of punitive and compensatory damages of 43:1, which far exceeds ratios that have been deemed unconstitutional. *See, e.g., CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 499 F.3d 184, 193 (3d Cir. 2007) ("Heeding the Supreme Court's admonition that few awards exceeding the single-digit threshold will satisfy due process, we conclude that the 18:1 ratio in this case crosses the line into constitutional impropriety.") (citing *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 24 (1991)). Accordingly, it is clear to a legal certainty that Mr. Garcia's damages do not exceed the jurisdictional threshold and that subject matter jurisdiction is lacking. If Mr. Garcia seeks to pursue his claims, he must proceed in state court.[3]

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Garcia's Complaint without prejudice to his right to refile his claims in state court. Mr. Garcia will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**

**GERALD A. MCHUGH, J.**

---

[3] Moreover, Mr. Garcia's red fingerprint and his belief that he is appearing as a prosecutor provides the Court with no basis to exercise jurisdiction over his Complaint.

4